| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF ELKHART | ) | CAUSE NO. _____ |

| | |
|---|---|
| TIMOTHY KLENK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARRISON PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| a USAA COMPANY | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Timothy Klenk, ("Plaintiff" or "Klenk"), by counsel, for his Complaint against Garrison Property and Casualty Insurance Company, a USAA Company ("USAA"), alleges and state as follows:

### Parties

1.　At all times relevant, Klenk was the owner of certain real and personal property located at 27575 County Road 24, Elkhart, Indiana 46517 (the "Property").

2.　At all times relevant, Defendant USAA was an insurance company with its principal place of business located at 9800 Fredericksburg Rd., San Antonio, TX. USAA's Registered Agent for service of process in Indiana is Corporation Service Company, 135 N. Pennsylvania St., Suite 1610, Indianapolis, IN 46204-2448.

### Jurisdiction and Venue

3.　Jurisdiction and venue are proper in this Court. The loss occurred in Elkhart County at Plaintiff's insured premises. Defendant USAA regularly conducts business in Elkhart County and is authorized to market and sell various insurance products throughout the state of

Indiana. This Court has personal jurisdiction over all parties and subject matter jurisdiction over the claims asserted in this Complaint.

### The Policy and the Loss

4. On January 3, 2021, there was in force a valid policy of insurance, Policy Number 039491656/90A (the "Policy"), issued by USAA to Klenk, insuring the structure, contents, and other risks, located at the Property. A true, accurate, and complete copy of the Policy is not available to Plaintiff. However, the attached Exhibit "A" accurately depicts the coverages provided under the Policy at the time of the loss, the Policy number, Plaintiff's Member Number, the name of the insuring entity, and the location of the risk. Plaintiff reserves the right to attach a complete copy of the applicable Policy if and when it is provided by Defendant. Exhibit "A" is incorporated by reference.

5. On January 3, 2021, a catastrophic fire destroyed the building and contents owned by Plaintiff at the Property ("the Loss").

6. The fire and suppression efforts caused substantial harm to the structure and personal property of Plaintiff, resulting in the nearly total loss of all insured property.

7. Defendant's unreasonable delays in conducting claim handling activities and its investigation after the fire also caused additional loss and damage to Plaintiff over and above that caused by the Loss itself.

8. Defendant USAA, despite having conducted or claiming to conduct a coverage investigation, has failed and/or refused to honor its promises in the Policy and pay Plaintiff's claim fully or appropriately.

9. Defendant USAA failed to honor its obligations in the Policy during the course of adjusting the claim for the Loss, including, without limitation, unreasonably delaying claim

activities, refusing to acknowledge covered damage to the structure, refusing to acknowledge and pay for damaged personal property that was discarded at the direction of USAA, requiring Plaintiff to comply with conditions that do not appear in the Policy, and appointing a biased engineer to serve as an appraiser on the structure claim when, in fact, the Policy requires any appraiser to be competent and unbiased.

10. Although Defendant USAA made certain payments with respect to the Loss, Defendant has nevertheless failed and/or refused to indemnify Plaintiff in accordance with the requirements of the Policy and has failed to accept, adjust, and pay the claim in good faith. This failure has caused Plaintiff additional loss and harm over and above the loss and harm caused by the Loss.

## **COUNT I – BREACH OF CONTRACT**

11. Plaintiff incorporates by reference paragraphs 1 – 10 of the Complaint as if set forth herein in their entirety.

12. The Loss was a covered loss under the Policy. Plaintiff timely reported the Loss to USAA and submitted all necessary paperwork and complied with all the terms and conditions of the Policy. To the extent any term or condition in the Policy has not been complied with, such term or condition has been waived by USAA, or USAA is estopped from relying on such term or condition.

13. USAA breached the Policy contract when it failed and/or refused to pay Plaintiff's claims, and/or when it failed to pay Plaintiff's claims in a timely manner, and/or when it otherwise failed to abide by material terms of the Policy.

14. As a direct and proximate result of USAA's breach of the contract, Plaintiff has suffered damages including, without limitation:

      a.      direct damages;

      b.      consequential damages;

      c.      incidental damages;

      d.      prejudgment interest; and

      e.      other damages not yet identified.

WHEREFORE, Plaintiff, by counsel, prays for damages for Defendant USAA's breach of contract, and for all other relief just and proper in the premises.

## COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING ("BAD FAITH")

15.    Plaintiff incorporates by reference paragraphs 1 – 14 of the Complaint as if set forth herein in their entirety.

16.    USAA owed Plaintiff a duty of good faith and fair dealing in conducting its investigation, in making its coverage determinations, in proceeding under the appraisal clause of the Policy, and in handling and paying Plaintiff's claims associated with the Loss.

17.    USAA also owed Plaintiff a duty not to inflict additional harm on Plaintiff following the Loss, and not to take advantage of Plaintiff's weakened position which necessarily and predictably results from such a catastrophic fire.

18.    USAA breached its duty to act in good faith in dealing with Plaintiff and/or in dealing with others engaged by Plaintiff to assist him with his claims.

19.    USAA acted with malice, fraud, gross negligence, ill will and oppressiveness in conducting its investigation, in making its coverage determinations, in failing to communicate with Plaintiff regarding the claims, the Loss, or coverage, and in handling and paying (and

failing to pay) Plaintiff's claims associated with the Loss, and in making an unfounded refusal to pay policy proceeds to Plaintiff under the Policy.

20. As a direct and proximate result of USAA's bad faith conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, by counsel, prays that the Court assess damages against USAA in an amount sufficient to compensate Plaintiff for all recoverable damages suffered as a result of the breach of contract and such damages as may be due Plaintiff as a result of USAA's breach of the duty of good faith, as well as pre and post-judgment interest, attorney's fees, and other appropriate relief as may be just and proper in the premises including, without limitation, punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
PARR RICHEY FRANDSEN PATTERSON
  KRUSE LLP
251 N. Illinois Street
Suite 1800
Indianapolis, IN  46204
Telephone:   (317) 269-2500
Facsimile:    (317) 269-2514

*Attorneys for Plaintiff, Timothy Klenk*

1885305

20C01-2301-PL-000001

USDC IN/ND case 3:23-cv-00099-PPS-MGG document 1-1 filed 02/03/23 page 6 of 11

Filed: 1/2/2023 1:44 PM
Clerk
Elkhart Circuit Court
Elkhart County, Indiana

**USAA**
PO BOX 33490
San Antonio, TX 78265
800-531-8722
800-531-8669 Fax
5/2/2022

| | | |
|---|---|---|
| Insured: | KLENK, TIMOTHY | Cell: |
| Property: | 27575 County Road 24<br>Elkhart, IN 46517 | E-mail: |
| Home: | 27575 COUNTY ROAD 24<br>ELKHART, IN 46517 | |

Claim Rep.: Michael Thomas

Estimator: Michael Thomas

**Member Number:** 039491656   **Policy Number:** 039491656/90A   **L/R Number:** 001
**Type of Loss:** FIRE-FIRPL   **Cause of Loss:** Other

**Insurance Company:** Garrison Property and Casualty Insurance Company, a USAA company

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Dwelling | $0.00 | $653,000.00 |
| Contents | $0.00 | $489,750.00 |
| Other Structures | $0.00 | $653,000.00 |
| Loss of Use | $0.00 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Date Contacted: | 1/4/2021 4:18 PM | | | |
| Date of Loss: | 1/3/2021 12:00 AM | Date Received: | 1/4/2021 12:00 AM |
| Date Inspected: | 1/5/2021 9:00 AM | Date Entered: | 1/4/2021 4:18 PM |
| Date Est. Completed: | 5/2/2022 1:50 PM | | | |

Price List: INSB8X_JAN21
Restoration/Service/Remodel

### Summary for Contents

| | |
|---|---|
| Line Item Total | 101,441.61 |
| Material Sales Tax | 6,442.93 |
| **Replacement Cost Value** | **$107,884.54** |
| Less Depreciation | (27,756.84) |
| **Actual Cash Value** | **$80,127.70** |
| **Net Claim** | **$80,127.70** |
| Total Recoverable Depreciation | 27,756.84 |
| **Net Claim if Depreciation is Recovered** | **$107,884.54** |

Exhibit A to Complaint and Demand for Jury Trial

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF ELKHART | ) | CAUSE NO. _____ |

| | |
|---|---|
| TIMOTHY KLENK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARRISON PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| a USAA COMPANY | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

TO DEFENDANT:   Garrison Property and Casualty Insurance Company, a USAA Company
c/o Corporation System Company, Registered Agent
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204-2448

You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  1/3/2023                                            _____
                                                          Christopher Anderson
                                                          Clerk, Elkhart County Circuit Court  KB

**Attorney for Plaintiff(s):**                            **Clerk Information:**

Michael L. Schultz (20361-49)                             101 N. Main Street #204
PARR RICHEY FRANDSEN PATTERSON                            Goshen, IN 46256
  KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:       (317) 269-2500
Facsimile:       (317) 269-2514

**The following manner of service of Summons is hereby designated:**

   __X___    **Registered or Certified Mail**
   _____    **Service on individual at above address: County** _____
   _____    **Service on agent: (specify)** _____
   _____    **Service by Publication**

## CLERK'S CERTIFICATE OF MAILING

 I hereby certify that on the _____ day of _____, 2023 I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Garrison Property and Casualty Insurance Company, a USAA Company, by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated  _____     _____
                   Clerk, Elkhart County Circuit Court

## RETURN ON SERVICE OF SUMMONS BY MAIL

 I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the _____ day of _____ 2023.
 I hereby certify that the attached return receipt was received by me on the _____ day of _____ 2023, showing that the summons and a copy of the Complaint was returned not accepted.
 I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the _____ day of _____ 2023.

                _____
                Clerk, Elkhart County Circuit Court

## SERVICE ACKNOWLEDGED

 A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____    _____
                   Signature of Defendant

## RETURN OF SERVICE OF SUMMONS

 I hereby certify that I have served the within Summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____ day of _____ 2023.
(2) By leaving a copy of the Summons and a copy of the Complaint:
  a) at the dwelling place or usual place of abode of the Defendant
  b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed on the Summons, the last known address of the Defendant.

               _____
               Sheriff of _____ County, Indiana
               By: _____

1885310

| STATE OF INDIANA | ) | IN THE ELKHART CIRCUIT COURT |
| --- | --- | --- |
|  | ) SS: |  |
| COUNTY OF ELKHART | ) | CAUSE NO. _____ |

TIMOTHY KLENK,                                  )
                                                )
            Plaintiff,                          )
                                                )
    v.                                          )
                                                )
GARRISON PROPERTY AND                           )
CASUALTY INSURANCE COMPANY,                     )
a USAA COMPANY                                  )
                                                )
            Defendant.                          )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

### Party Classification:   Initiating

1.  The undersigned attorney and all attorneys listed on this form now appear in this case for the following party:

    Plaintiff, Timothy Klenk

2.  Applicable attorney information for service as required by Ind.Trial Rule 5(B)(2) and for case information as required by T.R. 3.1 and T.R. 77(B):

    Michael L. Schultz, 20361-49
    PARR RICHEY FRANDSEN PATTERSON
     KRUSE LLP
    251 North Illinois Street, Suite 1800
    Indianapolis, IN 46204-4216
    Telephone:    (317) 269-2500
    Facsimile:    (317) 269-2514
    Email:        mschultz@parrlaw.com

    **IMPORTANT**: Each attorney specified on this appearance:

    (a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

    (b)    **acknowledges that all orders, opinions, and notices from the court in this**

    **matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

  (c)  understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

  Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a **PL** case type under Administrative Rule 8(B)(3).

4.  This case involves child support issues.  ____ No  _X_  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No _X_  *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:
  _____  Attorney's address
  _____  The Attorney General Confidentiality program address
        (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).
  _____  Another address (provide)
        _____

This case involves a petition for involuntary commitment.  Yes ____ No __X__

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

  a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
   _____

  b. State of Residence of person subject to petition: _____

  c. At least one of the following pieces of identifying information:
   (i) Date of Birth _____

   (ii) Driver's License Number _____
    State where issued _____ Expiration date _____

2

      (iii)  State ID number _____
            State where issued _____ Expiration date _____

      (iv)  FBI number _____

      (v)  Indiana Department of Corrections Number _____

      (vi)  Social Security Number is available and is being provided in an attached confidential document Yes \_\_\_\_  No \_\_\_\_

7. There are related cases: Yes \_\_\_\_  No  X  *(If yes, list on continuation page.)*

8. Additional information required by local rule:
   _____

9. There are other party members: Yes \_\_\_\_  No  X  *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:
    Yes     X       No\_\_\_\_

Respectfully submitted,


By     /s/ Michael L. Schultz
        Michael L. Schultz, 20361-49
        PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
        251 N. Illinois Street, Suite 1800
        Indianapolis, IN 46204-4216
        Telephone:  (317) 269-2500
        Facsimile:  (317) 269-2514
        Email:  mschultz@parrlaw.com

1885309