| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART CIRCUIT COURT |
|  | ) SS: |  |
| COUNTY OF ELKHART | ) | CAUSE NO. _____ |

| | |
|---|---|
| TIMOTHY KLENK, | ) |
|  Plaintiff, | ) |
| v. | ) |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a USAA COMPANY | ) |
|  Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Timothy Klenk, ("Plaintiff" or "Klenk"), by counsel, for his Complaint against Garrison Property and Casualty Insurance Company, a USAA Company ("USAA"), alleges and state as follows:

**Parties**

1. At all times relevant, Klenk was the owner of certain real and personal property located at 27575 County Road 24, Elkhart, Indiana 46517 (the "Property").

2. At all times relevant, Defendant USAA was an insurance company with its principal place of business located at 9800 Fredericksburg Rd., San Antonio, TX.  USAA's Registered Agent for service of process in Indiana is Corporation Service Company, 135 N. Pennsylvania St., Suite 1610, Indianapolis, IN 46204-2448.

**Jurisdiction and Venue**

3. Jurisdiction and venue are proper in this Court.  The loss occurred in Elkhart County at Plaintiff's insured premises.  Defendant USAA regularly conducts business in Elkhart County and is authorized to market and sell various insurance products throughout the state of

Indiana. This Court has personal jurisdiction over all parties and subject matter jurisdiction over the claims asserted in this Complaint.

### The Policy and the Loss

4. On January 3, 2021, there was in force a valid policy of insurance, Policy Number 039491656/90A (the "Policy"), issued by USAA to Klenk, insuring the structure, contents, and other risks, located at the Property. A true, accurate, and complete copy of the Policy is not available to Plaintiff. However, the attached Exhibit "A" accurately depicts the coverages provided under the Policy at the time of the loss, the Policy number, Plaintiff's Member Number, the name of the insuring entity, and the location of the risk. Plaintiff reserves the right to attach a complete copy of the applicable Policy if and when it is provided by Defendant. Exhibit "A" is incorporated by reference.

5. On January 3, 2021, a catastrophic fire destroyed the building and contents owned by Plaintiff at the Property ("the Loss").

6. The fire and suppression efforts caused substantial harm to the structure and personal property of Plaintiff, resulting in the nearly total loss of all insured property.

7. Defendant's unreasonable delays in conducting claim handling activities and its investigation after the fire also caused additional loss and damage to Plaintiff over and above that caused by the Loss itself.

8. Defendant USAA, despite having conducted or claiming to conduct a coverage investigation, has failed and/or refused to honor its promises in the Policy and pay Plaintiff's claim fully or appropriately.

9. Defendant USAA failed to honor its obligations in the Policy during the course of adjusting the claim for the Loss, including, without limitation, unreasonably delaying claim

activities, refusing to acknowledge covered damage to the structure, refusing to acknowledge and pay for damaged personal property that was discarded at the direction of USAA, requiring Plaintiff to comply with conditions that do not appear in the Policy, and appointing a biased engineer to serve as an appraiser on the structure claim when, in fact, the Policy requires any appraiser to be competent and unbiased.

10. Although Defendant USAA made certain payments with respect to the Loss, Defendant has nevertheless failed and/or refused to indemnify Plaintiff in accordance with the requirements of the Policy and has failed to accept, adjust, and pay the claim in good faith. This failure has caused Plaintiff additional loss and harm over and above the loss and harm caused by the Loss.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff incorporates by reference paragraphs 1 – 10 of the Complaint as if set forth herein in their entirety.

12. The Loss was a covered loss under the Policy. Plaintiff timely reported the Loss to USAA and submitted all necessary paperwork and complied with all the terms and conditions of the Policy. To the extent any term or condition in the Policy has not been complied with, such term or condition has been waived by USAA, or USAA is estopped from relying on such term or condition.

13. USAA breached the Policy contract when it failed and/or refused to pay Plaintiff's claims, and/or when it failed to pay Plaintiff's claims in a timely manner, and/or when it otherwise failed to abide by material terms of the Policy.

14. As a direct and proximate result of USAA's breach of the contract, Plaintiff has suffered damages including, without limitation:

    a.    direct damages;

    b.    consequential damages;

    c.    incidental damages;

    d.    prejudgment interest; and

    e.    other damages not yet identified.

WHEREFORE, Plaintiff, by counsel, prays for damages for Defendant USAA's breach of contract, and for all other relief just and proper in the premises.

## COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING ("BAD FAITH")

15. Plaintiff incorporates by reference paragraphs 1 – 14 of the Complaint as if set forth herein in their entirety.

16. USAA owed Plaintiff a duty of good faith and fair dealing in conducting its investigation, in making its coverage determinations, in proceeding under the appraisal clause of the Policy, and in handling and paying Plaintiff's claims associated with the Loss.

17. USAA also owed Plaintiff a duty not to inflict additional harm on Plaintiff following the Loss, and not to take advantage of Plaintiff's weakened position which necessarily and predictably results from such a catastrophic fire.

18. USAA breached its duty to act in good faith in dealing with Plaintiff and/or in dealing with others engaged by Plaintiff to assist him with his claims.

19. USAA acted with malice, fraud, gross negligence, ill will and oppressiveness in conducting its investigation, in making its coverage determinations, in failing to communicate with Plaintiff regarding the claims, the Loss, or coverage, and in handling and paying (and

4

failing to pay) Plaintiff's claims associated with the Loss, and in making an unfounded refusal to pay policy proceeds to Plaintiff under the Policy.

20. As a direct and proximate result of USAA's bad faith conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, by counsel, prays that the Court assess damages against USAA in an amount sufficient to compensate Plaintiff for all recoverable damages suffered as a result of the breach of contract and such damages as may be due Plaintiff as a result of USAA's breach of the duty of good faith, as well as pre and post-judgment interest, attorney's fees, and other appropriate relief as may be just and proper in the premises including, without limitation, punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
PARR RICHEY FRANDSEN PATTERSON
   KRUSE LLP
251 N. Illinois Street
Suite 1800
Indianapolis, IN  46204
Telephone:    (317) 269-2500
Facsimile:    (317) 269-2514

*Attorneys for Plaintiff, Timothy Klenk*

1885305